# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| AGENCY FUNDING, LLC,<br><br>           *Plaintiff,*<br><br>    v.<br><br>BRIAN FILLWEBER, and<br>SAFEWAY FINANCIAL, LLC,<br><br>           *Defendants*. | CIVIL NO. 3:10cv00027<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court *sua sponte*. As discussed more fully below, upon review of the pleadings, it is the determination of this Court that Plaintiff's Amended Complaint [docket no. 5] fails to allege sufficient facts to establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff will be ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction.

The timely filing of an amended complaint that properly establishes the jurisdictional requirements will be deemed responsive to the Order. Accordingly, pursuant to Rule 15(a)(2), the Court will grant Plaintiff LEAVE TO AMEND its complaint to address any jurisdictional defects. An appropriate Order will follow.

**I.**

The Plaintiff alleges that this Court has jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. § 1332. The Amended Complaint alleges that the Plaintiff is a limited liability company ("LLC") organized under the laws of the Commonwealth of Virginia.

As to the Defendants, the Amended Complaint alleges that Mr. Fillweber resides and is domiciled in the State of Florida, while Safeway Financial, LLC is organized under the laws of the State of Florida, with its principal place of business in Tarpon Springs, Florida. The Amended Complaint further alleges that the amount in controversy exceeds $75,000. These allegations are insufficient to show subject matter jurisdiction.

It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress. The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63-64 (4th Cir.1988) (internal quotation marks omitted). Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Goldsmith*, 845 F.2d at 64.

Federal district courts have original jurisdiction over civil cases "between citizens of different States," where the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. A corporation is considered a citizen of both the state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). On the other hand, an LLC has citizenship in every state in which each member of the LLC has citizenship. *General Tech.App., Inc. v. Exro Ltda,* 388 F.3d 114, 120, 121 (4th Cir.2004); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195-96 (1990) (stating the "oft-repeated rule" that, with the exception of a corporation, an artificial entity's citizenship for diversity purposes is the citizenship of "all its members.").

The Amended Complaint fails to properly allege the citizenship of both the Plaintiff and Defendant LLCs because it fails to provide information as to the identity and citizenship of each member of the respective LLCs. Therefore, the Plaintiff has not met its burden of showing that this Court has subject matter jurisdiction over the instant case.

**II.**

After a party has amended its pleading once as a matter of right, it may only further amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be given "freely . . . when justice so requires." *Id.* This rule is intended to "give[] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey,* 434 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999)).

In light of the federal policy favoring resolution on the merits, and the interests of justice, this court will grant Plaintiff LEAVE TO AMEND its complaint. As noted above, the timely filing of an amended complaint that properly establishes the jurisdictional requirements will be deemed responsive to the ORDER TO SHOW CAUSE.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This  28th  Day of September, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE