# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| AGENCY FUNDING, LLC, *Plaintiff* | CIVIL NO. 3:10cv00027 |
| v. | MEMORANDUM OPINION |
| BRIAN FILLWEBER, *et al.*, *Defendants.* | JUDGE NORMAN K. MOON |

Defendants seek reconsideration of this court's order denying their motions to dismiss for lack of jurisdiction. (docket no. 39). Defendants urge that *Danik v. Housing Authority of Baltimore City*, No. 09-2240, 2010 WL 3681274 (4th Circuit 2010) (unpublished opinion) is determinative. However, as explained more fully below, *Danik* does not provide any reason to reconsider this court's earlier order. Therefore, Defendants' motion will be denied.

On June 6, 2010, Plaintiff filed its complaint, asserting certain claims arising out of a loan agreement. (docket no. 1). Before serving the original complaint, Plaintiff filed its first amended complaint on June 10, 2010. (docket no. 5). Each Defendant was served with a summons and a copy of the first amended complaint in late July 2010. While the first amended complaint purported to incorporate the loan agreement as an exhibit, Plaintiff neither filed the exhibit with the court, nor served the exhibit on Defendants. Asserting that Plaintiff's failure to attach the loan agreement resulted in improper service of process, Defendants then moved to dismiss. (docket no. 12).

Upon discovering that Plaintiff had failed to properly assert the citizenship of the parties for jurisdictional purposes, the court issued an order *sua sponte* granting Plaintiff leave to amend

its complaint. Plaintiffs then filed a second amended complaint through the court's electronic filing system, CM/ECF, on October 12, 2010. (docket no. 29). The filing included the loan agreement as an exhibit. Reasoning that the second amended complaint mooted Defendants' motion to dismiss, the court denied the motion without prejudice. (docket no. 30). Defendants then filed renewed motions to dismiss, asserting that they had not received personal service of the second amended complaint or the fully incorporated loan agreement. (docket nos. 31 and 32). After a telephonic hearing on December 14, 2010, the court denied the motions. Defendants now seek reconsideration of that order.

Under Federal Rule of Civil Procedure 4(e), commencement of an action requires proper service of a summons and complaint. In *Danik*, the Fourth Circuit explained that "[t]he federal rules require that a defendant be served with the *complete pleading* . . . ." 2010 WL 3681274, at *1 (emphasis added). Under Rule 10(c), "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." In light of Rule 10(c), the Fourth Circuit has concluded that "in addition to her substantive complaint, all exhibits [a plaintiff] attached when she filed her complaint are part of that pleading." 2010 WL 3681274, at *1. Thus, if a plaintiff fails to serve a document attached to his complaint, he fails to serve the complete pleading, and service is improper.

*Danik* does not provide reason to reconsider this court's order denying Defendants' motions to dismiss. Unlike in *Danik*, the Plaintiff served Defendants with the complete first amended complaint. While the first amended complaint purported to incorporate the loan agreement as an exhibit, Plaintiff did not actually attach the loan agreement to its court filing. Accordingly, Plaintiff was not required to serve Defendants with the loan agreement, as it was

not a constituent part of the complete pleading.[1]  Therefore, service of the first amended complaint was proper.

In general, the original complaint and summons may not be served electronically.  *See* Fed. R. Civ. P. 4(e)(2).  However, courts may provide for electronic service of subsequent pleadings.  Fed. R. Civ. P. 5(b)(2)(E) – 5(b)(3).  Under this court's local rules, a party agrees to service by electronic means when it participates in the court's CM/ECF system.  W.D.Va.Gen.R. 7(h).  As Defendants are participants in CM/ECF, they are deemed to consent to electronic service of process.  Therefore, electronic service of the second amended complaint, including the attached loan agreement, was proper.

In light of the above, Defendants' motion to reconsider will be denied in an accompanying order.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __5th__ day of January, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Defendants have invoked Virginia and Florida procedural law for the proposition that a contract that is the subject of the litigation must be attached to the complaint.  However, state procedural law is not binding on this court.